IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| DEBRA CARR,<br><br>  Plaintiff,<br><br>vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC. and GORDON, AYLWORTH, & TAMI, P.C.,<br><br>  Defendants. | NO.<br><br>**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.** |

COMES NOW Plaintiff, Debra Carr, by and through counsel, who alleges:

I. **PARTIES AND JURISDICTION**

1. Plaintiff Debra Carr is an individual who resides in Washington State.

2. Defendant Midland Credit Management, Inc. ("MCM"), a foreign corporation UBI # 601-592-717, is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiff. MCM's registered agent is Corporation Service Company, located at 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, WA 98501.

Complaint - 1

3. Defendant Gordon, Aylworth, & Tami, PC ("GAT"), an Oregon Domestic Professional Corporation, is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiff. GAT, which has no registered agent in Washington, and is not registered with the Washington Secretary of State, has an Oregon registered agent as follows: Matthew Aylworth, P.C., 4023 W. First Ave, Eugene, OR 97402.

4. Jurisdiction over Defendants is proper as Defendants are doing business in Washington State and venue is appropriate in King County, Washington.

## II. FACTS

5. Plaintiff Debra Carr is a Registered Nurse who works for a major hospital and is approaching the end of her career. Looking toward retirement and hoping to spend more time with her family, Ms. Carr purchased a vacation package which, despite all appearances to the contrary, appeared to be a scam. The company cancelled her arrangement but refused to return her money.

6. Part of the arrangement was that, to pay for the package, the company required the purchase to be financed by way of an "Interval WVT Mastercard," issued by Comenity Capital Bank. Ms. Carr did not mind doing so, as her understanding was that a credit card issued by a major bank would provide all the usual protections, such as those protecting against unauthorized charges.

7. When it became clear that the vendor had induced the "purchase" by fraud (and thus not actually delivering any product at all), Ms. Carr initiated a dispute with Comenity Capital Bank. One of Ms. Carr's concerns was that the wrongdoing "merchant" (who had forced the relationship with the Interval WVT entity) was never actually paid any money; there was no

evidence that any money had been paid on Ms. Carr's behalf – all Ms. Carr was left with was a balance on a credit card exceeding $5,000 for a product she never received and no evidence that anyone was paid any actual money.

8. In any event, in July 2021, Comenity Capital Bank sent Ms. Carr a letter confirming receipt of her dispute. Ms. Carr, having provided ample documentation substantiating her assertions, awaited resolution.

9. In 2022, Ms. Carr was surprised to receive a letter from the "Interval WVT" entity (which indicated the credit card had been issued by Comenity Capital Bank) indicating that Ms. Carr's account had been sold on April 18, 2022. The buyer was MCM (Defendant herein).

10. This frustrated Ms. Carr; there had been an illegitimate charge, premised on a fraudulent transaction, and instead of resolving or investigating her dispute, her account was simply sold.

11. The matter hung over Ms. Carr's head for some time. The situation came to a head in January 2024 when Ms. Carr, Plaintiff herein, was sued by MCM (via its collection law firm, GAT) in a case filed in King County District Court, captioned *Midland Credit Management, Inc. v. Debra L. Carr*, case no. 23CIV23142KCX ("the collection lawsuit"). MCM and GAT sought payment in full for the aforementioned credit card account, the balance of which was comprised solely of the fraudulent charge.

12. On or about January 27, 2024, Ms. Carr sent a letter to MCM/GAT which succinctly explained that she had opened a dispute with Comenity Capital Bank, attached the July 23, 2021 letter from Comenity (acknowledging receipt of the dispute), and explained that there had never been a resolution to the dispute.

13. In her letter Ms. Carr attempted to reference 12 C.F.R. 1026.13, a Treasury

Regulation which provides that collection activity is prohibited until the dispute was resolved. At this point, MCM/GAT had all the information necessary to know that their collection lawsuit was barred by operation of law; the bank had not resolved the dispute and thus the collection action was unlawful.

14. Having received no meaningful response, Ms. Carr, capably acting in a *pro se* capacity despite a lack of formal legal training, issued discovery requests. In early April 2024, Ms. Carr received responses. In response to the requests for admission, MCM objected but stated it was previously unaware of any disputes on the account (and thus had no knowledge of any purported resolution). Documents produced in response to requests for production similarly showed only billing statements and no record of any resolution of Ms. Carr's dispute.

15. Nevertheless, after Ms. Carr's January 2024 letter, MCM/GAT most certainly was now aware of an open dispute which had not been resolved.

16. Concerned that MCM/GAT was not understanding the problem (in that its collection lawsuit was barred), in April 2024, Ms. Carr sent a second letter to MCM/GAT, again explaining the necessity that the case against her be dismissed.

17. Instead, in a mailing postmarked May 3, 2024, Ms. Carr received discovery requests from MCM/GAT (though the included letter was purportedly dated April 17, 2024).

18. Perhaps most problematic was that in the same mailing, MCM/GAT included a series of requests for admission, including several which sought to have Ms. Carr "admit" that she had never opened any dispute with the original creditor, which was plainly and obviously untrue.

19. Indeed, this *precise* violation of law occurred in *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) (Collector's "requests for

Complaint - 4

admission asked [debtor] to admit facts that were not true: that he had never disputed the debt, that he had no defense... [The debt collector] had information in its possession that demonstrated the untruthfulness of the requested admissions").

20. MCM and GAT, by serving such requests for admission, were seeking to manipulate the litigation process to achieve an outcome contrary to law and facts (i.e. to either confuse Ms. Carr or otherwise achieve some type of admission by default).

21. Despite having provided all necessary proof that the account was uncollectible (by virtue of 12 C.F.R. 1026.13), Ms. Carr was dismayed to see that MCM/GAT persisted in their efforts to collect money from her. The discovery requests served on Ms. Carr sought the information which she had already provided, which came across to Ms. Carr as harassing and frustrating – it was as though nothing she did mattered, no matter how carefully she had documented the problem and how patient she had been with the issue.

22. As a result of Defendants' actions detailed above, Plaintiff has incurred expenses in seeking and retaining counsel in connection with ascertaining her legal rights and responsibilities, and has suffered financial uncertainty, unease, and distress caused by Defendants' tactics and communications, which are false, misleading, improper, and/or confusing.

### III. CAUSES OF ACTION

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

23. With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and each Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

24. With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(8) and each Defendant is a collection agency as defined by RCW 19.16.100(4).

25.   For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

### Count 1 (and all subcounts)

26.   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a violation to falsely represent the character, amount, or legal status of any debt. § 1692e(2); *see also* § 1692e(10) (further prohibiting false representations and/or deceptive activities).

27.   Defendants made false, deceptive, and misleading representations each time Defendants represented that money was due and owing on the credit card account. As stated above, 12 C.F.R. 1026.13 prohibits collection activity during the pendency of a billing dispute. Ms. Carr provided information demonstrating that such a dispute had been opened, and the dispute had not been resolved; therefore, any collection activity was improper.

28.   While the FDCPA is a strict-liability statute, Ms. Carr emphasizes that after MCM/GAT received her January 2024 letter (which included the dispute receipt from Comenity Capital Bank), there could be no moral, logistical, or legal reason to persist with the collection lawsuit. Each furtherance of the collection lawsuit was either an implicit or explicit misrepresentation that such amounts could be lawfully collected from Ms. Carr.

29.   In addition, service of the requests for admissions violated the FDCPA in the same manner as in *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011).

30.   Therefore, Defendants violated 15 U.S.C. § 1692e and/or § 1692e(2)/e(10).

Complaint - 6

**Count 2 (and all subcounts)**

31. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. This includes attempting to collect amounts not owed (§ 1692f(1)).

32. Plaintiff realleges the allegations in Count 1, *supra*.

33. For the above-stated reasons, Defendants therefore violated 15 U.S.C. § 1692f.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

34. Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1] *See* RCW 19.16.440. RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

35. Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

36. Even minimal or nominal damages constitute "injury" under the CPA. *Panag*, 166 Wn.2d at 57. A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" suffice to establish "injury" for purposes of the CPA. *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

37. Lastly, FDCPA violations separately constitute "per se" violations of the CPA. (For ease of reference, Plaintiff will not reallege each claim multiple times. Nevertheless, this is yet another basis for CPA liability.)

**Count 3**

38. A collection agency may not collect or attempt to collect any sum other than

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA...").

Complaint - 7

ANDERSON | SANTIAGO
207B Sunset Blvd N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

principal, allowable interest, collection costs or handling fees expressly authorized by statute, and in the case of suit attorney's fees and taxable court costs. RCW 19.16.250(21).

39.  Here, Defendants attempted to collect money which was not owed, as the principal amount due and owing was zero dollars, per 12 C.F.R. 1026.13.

40.  Defendants therefore violated RCW 19.16.250(21).

### Count 4

41.  A collection agency may not "represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor." RCW 19.16.250(15).

42.  In the collection lawsuit Defendants represented an entitlement to court costs and other fees when those amounts could not be lawfully added to the existing obligation, *as there was no existing obligation*.

43.  Defendants therefore violated RCW 19.16.250(15).

### Request for Injunctive Relief

44.  A plaintiff may seek injunctive relief for violations of the Consumer Protection Act. RCW 19.86.090.

45.  Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from both Plaintiff and any other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

46.  Specifically, Plaintiff seeks an injunction prohibiting Defendants from assessing "answer fees" and/or requiring employers to withhold "answer fees" from a judgment debtor's wages..

Complaint - 8

ANDERSON | SANTIAGO
207B Sunset Blvd N.
Renton, WA 98057
(206) 395-2665/F (206) 395-2719

47. Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

48. Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

49. Injunctive relief should therefore issue as described herein.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. For Judgment against Defendants for actual damages.

2. For statutory damages of $1,000.00 for FDCPA violations, per Plaintiff.

3. For statutory damages of $7,500.00 per violation for Washington Collection Agency Act and Consumer Protection Act violations, per Defendant.

4. For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5. For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3) and other applicable law.

6. For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 29th day of May, 2024.

ANDERSON SANTIAGO, PLLC

By:_____
Jason D. Anderson, WSBA No. 38014
T. Tyler Santiago, WSBA No. 46004
Attorneys for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 9